1

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK

    - - - - - - - - - - - -    X

    UNITED STATES OF AMERICA,   :    CR 04-685

                                :

            -against-           :
                                     United States Courthouse
                                     Brooklyn, New York
    SIMONE PALAZZOLO,           :

                                     September 22, 2005
            Defendant.          :    10:30 o'clock  a.m.

    - - - - - - - - - - - -    X

                    TRANSCRIPT OF PLEADING
            BEFORE THE HONORABLE NICHOLAS G. GARAUFIS
                   UNITED STATES DISTRICT JUDGE

    APPEARANCES:

    For the Government:              ROSLYNN R. MAUSKOPF
                                     United States Attorney
                                     BY: MICHAEL ASARO
                                     Assistant United States Attorney
                                     One Pierrepont Plaza
                                     Brooklyn, New York


    For the Defendant:               NICHOLAS KAIZER, ESQ.


    Court Reporter:                  Gene Rudolph
                                     225 Cadman Plaza East
                                     Brooklyn, New York
                                     (718) 260-2538


    Proceedings recorded by mechanical stenography, transcript
    produced by computer-aided transcription.
```

2

1   THE CLERK:  United States versus Palazzolo.

2   THE COURT:  I understand, Mr. Kaizer, that your
3   client wishes to withdraw his previously entered plea of not
4   guilty and to plead guilty to Count one of the superseding
5   indictment.

6   Is that right?

7   MR. KAIZER:  That is correct, Your Honor.

8   THE COURT:  Very well.

9   Mr. Palazzolo, your attorney advises you wish to
10  plead guilty to Count One of the superseding indictment in
11  which you are charged.  This is a serious decision.  I must be
12  certain that you make it understanding your rights and the
13  consequences of your plea.  I am going to explain certain
14  rights to you and then ask you questions.  I want your answers
15  to be under oath.  The deputy clerk will swear you in.

16  (The defendant sworn.)

17  THE COURT:  All right.  Mr. Palazzolo, do you
18  understand that having been sworn to tell the truth.  You must
19  do so.  If you were to deliberately lie in response to any
20  question I ask you, you could face further criminal charges
21  for perjury.

22  Do you understand that?

23  THE DEFENDANT:  Yes, I do, Your Honor.

24  THE COURT:  If I say anything that you do not
25  understand, or if you need me to repeat anything. you have

3

1  only to ask. It is important that you understand everything
2  that goes on in these proceedings.
3         Is that clear?
4         THE DEFENDANT: Yes, it is.
5         THE COURT: All right. Mr. Palazzolo, how old are
6  you?
7         THE DEFENDANT: I'm 51.
8         THE COURT: How far --
9         THE DEFENDANT: I'm sorry, Your Honor. Fifty-six;
10 my wife is 51.
11        THE COURT: What's that?
12        THE DEFENDANT: I am 56. I was thinking of my wife
13 at that moment. She is 51.
14        THE COURT: Okay. You are 56?
15        THE DEFENDANT: Yes.
16        THE COURT: That's fine.
17        How far did you get with your education?
18        THE DEFENDANT: Through law school, Your Honor.
19        THE COURT: Where did you go to law school?
20        THE DEFENDANT: Saint John's.
21        THE COURT: Saint John's?
22        Did you become a member of the bar?
23        THE DEFENDANT: Yes, I did, Your Honor.
24        THE COURT: Are you a member of the bar now?
25        THE DEFENDANT: Yes, I am.

4

```
 1              THE COURT:  Of the New York bar?
 2              THE DEFENDANT:  Yes.
 3              THE COURT:  Any other bar?
 4              THE DEFENDANT:  The federal court.
 5              THE COURT:  This Court?
 6              THE DEFENDANT:  The Eastern and Southern districts,
 7   yes.
 8              THE COURT:  All right.  You are a US citizen, I take
 9   it?
10              THE DEFENDANT:  Yes, I am.
11              THE COURT:  You have no trouble speaking or
12   understanding English, do you?
13              THE DEFENDANT:  No, I don't.
14              THE COURT:  Have you had any difficulty
15   communicating with your client in English, Mr. Kaizer?
16              MR. KAIZER:  None.
17              THE COURT:  Okay.  Now, Mr. Palazzolo, I must be
18   certain that whatever decision you make today, you make with a
19   clear head.  I am going to ask you some questions about your
20   health.
21              Are you currently or have you recently been
22   understood the care of a doctor or a psychiatrist for any
23   reason?
24              THE DEFENDANT:  Care of a doctor, Your Honor.
25              THE COURT:  For what?
```

                                                                    5

1              THE DEFENDANT:  I have -- I had triple bypass in
2    2001 and thyroid surgery a year ago.
3              THE COURT:  Where did you have the bypass done?
4              THE DEFENDANT:  The bypass was at Saint Francis in
5    Long Island.
6              THE COURT:  Who was the doctor?
7              THE DEFENDANT:  My cardiologist is Jeffrey Spevak in
8    Great Neck.  The surgeon was Doctor Taylor.
9              THE COURT:  I see.  Okay.
10             Do you take any pills or medicine of any kind?
11             THE DEFENDANT:  Yes, I do.
12             THE COURT:  What do you take?
13             THE DEFENDANT:  For my heart, I take Acuprin and
14   Tenormin.  I am also on Zocor.
15             THE COURT:  What is Zocor.
16             THE DEFENDANT:  Zocor is for cholesterol.
17             THE COURT:  Oh, that is right.
18             But do you take anything for anxiety or a sedative?
19             THE DEFENDANT:  No, not directly, Your Honor.
20             I do have diabetes as well, and I take some
21   medications for neuropathy in my feet.
22             THE COURT:  Okay.  Is there anything that you are
23   taking that would have any affect on your ability to reason,
24   think or understand anything I am saying here today?
25             THE DEFENDANT:  No, there is not.

1      THE COURT: All right. In the past 24 hours, have
2 you drunk alcoholic beverages?
3      THE DEFENDANT: No.
4      THE COURT: Have you ever been hospitalized or
5 treated for a drug related problem?
6      THE DEFENDANT: No.
7      THE COURT: Is your mind clear as you stand here
8 today?
9      THE DEFENDANT: Yes.
10      THE COURT: Do you understand everything being said
11 to you?
12      THE DEFENDANT: Yes.
13      THE COURT: All right. Mr. Kaizer, have you
14 discussed the question of a guilty plea were client?
15      MR. KAIZER: Yes.
16      THE COURT: In your view, does he understand the
17 rights he would be waiving by pleading guilty?
18      MR. KAIZER: He does.
19      THE COURT: Do you have any question as to your
20 client's competence to proceed today?
21      MR. KAIZER: None whatsoever.
22      THE COURT: All right. You are retained?
23      MR. KAIZER: Yes.
24      THE COURT: All right. Mr. Palazzolo, are you
25 satisfied with the assistance that your attorney has given you

1  thus far in this matter?
2          THE DEFENDANT: Yes, I am, Your Honor.
3          THE COURT: Do you feel you need any more time to
4  discuss with him the question of guilty plea?
5          THE DEFENDANT: No, I do not.
6          THE COURT: Okay. You are pleading guilty to Count
7  One of the superceding indictment in which you are charged. I
8  am going to ask Mr. Asaro to state the charge in Count One and
9  the elements of the crime that the government would be
10 compelled to prove to a jury beyond a reasonable doubt
11 unanimously in order to find you guilty of this crime.
12         Mr. Asaro?
13         MR. ASARO: Yes, Judge.
14         Count One of the indictment charges Mr. Palazzolo
15 with conspiracy to commit securities fraud in violation of
16 Title 18 United States Code Section 1349. The elements of
17 this crime are as follows:
18         We would have to prove that in or about and between
19 March 2004 and August 2004, the dates in the indictment,
20 within the Eastern District of New York, Mr. Palazzolo
21 together with others knowingly and intentionally conspired to
22 do two things. First, defraud persons in connection with
23 securities of an issuer with a class of securities registered
24 under Section 12 of the Securities and Exchange Act of 1934,
25 and the specific security would be Trade Wind Communications;

8

1  and, B, to obtain, or number two, to obtain by means of false
2  and fraudulent pretenses, representations and promises money
3  and property in connection with the purchase and sale of
4  securities of an issuer with a class of securities registered
5  under Section 12 of the Exchange Act as well, and again the
6  stock -- specific stock would be Trade Wind.
7          It actually -- I said two things. It would actually
8  be either of those two things I think if we prove them at
9  trial would satisfy the charge.
10         THE COURT: Mr. Palazzolo, do you understand the
11 charge that has been brought against you in Count One?
12         THE DEFENDANT: Yes.
13         THE COURT: Do you understand the elements of the
14 crime that the government would have to prove to a jury
15 unanimously beyond a reasonable doubt to convict you of this
16 crime?
17         THE DEFENDANT: Yes, I do, Your Honor.
18         THE COURT: I will go over certain rights that you
19 have. Please listen carefully to your rights.
20         You have the right to plead not guilty to this
21 charge. No one can be forced to plead guilty.
22         Do you understand that?
23         THE DEFENDANT: Yes, I do.
24         THE COURT: All right. If you plead not guilty to
25 this charge, or persist in a plea of not guilty, you have the

1  right under the Constitution and laws of the United States to
2  a speedy and public trial before a jury with the assistance of
3  your attorney.
4           Do you understand that?
5           THE DEFENDANT: Yes.
6           THE COURT: At any trial you would be presumed to be
7  innocent. You would not have to prove you were innocent.
8  This is because under our system of law, it is the government
9  that must come forward with proof that establishes beyond a
10 reasonable doubt that you are guilty of the crime charged. If
11 the government failed to meet this burden of proof, the jury
12 would have the duty to find you not guilty.
13          Do you understand that?
14          THE DEFENDANT: Yes, I do.
15          THE COURT: In the course of a trial witnesses for
16 the government would have to come here to court and testify in
17 your presence. Your attorney would have the right to
18 cross-examine these witnesses. He could raise legal
19 objections to evidence the government sought to offer against
20 you. He could offer evidence in your behalf if you thought
21 there was evidence that might help you in this case.
22          Do you understand that?
23          THE DEFENDANT: Yes.
24          THE COURT: At a trial you would have the right to
25 testify in your own behalf, if you wished to do so. On the

10

1  other hand, you could not be forced to be a witness at your
2  trial. This is because under the Constitution and laws of the
3  United States, no person can be compelled to be a witness
4  against himself.
5      If you wish to go to trial but chose not to testify,
6  I would instruct the jury that they could not hold this
7  against you.
8      Do you understand?
9      THE DEFENDANT: Yes.
10     THE COURT: If instead of going to trial you plead
11 guilty to the crime charged, and if I accept your guilty plea,
12 you will be giving up your right to a trial and all the other
13 rights I have just discussed. There will be no trial in this
14 case. There will be no appeal on the question of whether you
15 did or did not commit this crime. The only thing you could
16 appeal would be if you thought I did not properly follow the
17 law in sentencing you. Otherwise, I will simply enter a
18 judgment of guilty based upon your plea of guilty.
19     Do you understand that?
20     THE DEFENDANT: Yes, I do.
21     THE COURT: If you do plead guilty I will have to
22 ask you certain questions about what you did in order to
23 satisfy myself that you are guilty of the charge. You will
24 have to answer my questions and acknowledge your guilt. If
25 you do this you will be giving up your right not to

1   incriminate yourself.
2           Do you understand?
3           THE DEFENDANT: Yes.
4           THE COURT: Mr. Palazzolo, are you willing to give
5   up your right to a trial and the other rights I have just
6   discussed with you?
7           THE DEFENDANT: Yes, I am.
8           THE COURT: All right. I see that there is an
9   agreement pursuant to which this plea is being offered. I
10  have in front of me a plea agreement in United States of
11  America against Simone Palazzolo. It is marked as Court
12  Exhibit number one. It is dated today, September 22, 2005.
13  It consists of six pages.
14          I am going to present this document to the defendant
15  and his attorney and ask some questions.
16          Mr. Palazzolo, have you have you read this document?
17          THE DEFENDANT: Yes.
18          THE COURT: Have you discussed it with your
19  attorney?
20          THE DEFENDANT: Yes.
21          THE COURT: Has your attorney answered any and all
22  questions that you had about the document?
23          THE DEFENDANT: Yes, he has.
24          THE COURT: Do you understand your rights and
25  obligations under this agreement?

1    THE DEFENDANT:  I do.
2    THE COURT:  All right.  Mr. Kaizer, are you
3 satisfied that your client understands his rights and
4 obligations under this agreement?
5    MR. KAIZER:  Yes, Judge.
6    THE COURT:  Please turn to page six.  Page six by
7 your printed name, is that your signature?
8    THE DEFENDANT:  Yes.
9    THE COURT:  Did you sign the agreement today?
10    THE DEFENDANT:  Yes.
11    THE COURT:  Mr. Kaizer, did you also execute the
12 agreement?
13    MR. KAIZER:  I did, Your Honor.
14    THE COURT:  Has the government also executed the
15 agreement?
16    MR. ASARO:  We have, Judge.
17    THE COURT:  Please return the agreement to me.
18    Mr. Palazzolo, I have a question that's very
19 important that I need to ask you.  Is there any other
20 agreement that has been made to get you to plead guilty place
21 not contained in this plea agreement?
22    THE DEFENDANT:  No, there is not.
23    THE COURT:  Very well.
24    At this point I am going to go over the statutory
25 penalties associated with pleading guilty to Count one.  They

1  are set forth in paragraph one of the plea agreement.
2           There is no minimum term of imprisonment.
3           There is a maximum term of imprisonment of 25 years.
4           There is also a maximum supervised release term of
5  five years and that would follow any term of imprisonment.  If
6  a condition of release is violated, you could be sentenced to
7  up to three years in jail without any credit for the time you
8  previously served in jail or the time you previously served on
9  supervised release.
10          There is a maximum fine of $250,000 or two times the
11 gross gain or gross loss, whichever is greater.
12          Restitution is applicable in an amount to be
13 determined by the Court at sentencing.
14          There is a $100 special assessment, which is
15 mandatory.
16          Do you understand all of that?
17          THE DEFENDANT:  Yes, I do, Your Honor.
18          THE COURT:  Okay.  In sentencing you, Mr. Palazzolo,
19 I will have to consider certain guidelines.  Have you
20 discussed the sentencing guidelines with your attorney?
21          THE DEFENDANT:  Yes.
22          THE COURT:  Are you familiar with the way the
23 guidelines would apply in your case?
24          THE DEFENDANT:  Yes, I am.
25          THE COURT:  All right.  Mr. Kaizer, are you

14

1  satisfied that your client understands how the guidelines work
2  in connection with this particular case?
3      MR. KAIZER:  Yes, Judge.
4      THE COURT:  Okay.  Now, with respect to the
5  guidelines, I will have to consider certain factors about you
6  and about this crime.  When I do that, I will be directed to a
7  guideline that will provide a recommended sentencing range.  I
8  am not required to sentence you within the range provided by
9  the guidelines.  I am required to carefully consider the
10 guideline recommendation in deciding what would constitute a
11 reasonable sentence in your case.
12     It is my experience that a sentence within the
13 guideline range is usually reasonable and appropriate.
14 However, I will carefully consider whether that recommendation
15 is appropriate in your case and may ultimately decide to
16 impose a sentence that is more lenient or more severe than the
17 one recommended by the guidelines.
18     Do you understand that?
19     THE DEFENDANT:  Yes, I do.
20     THE COURT:  I cannot tell you today what guideline
21 range will apply in your case.  Before I impose sentence I
22 will receive a report prepared by the Probation Department
23 which will recommend a particular guideline to me.  You and
24 your attorney will have the opportunity to see that report.
25 If you think it is mistaken or incomplete in any way, you will

1  have the opportunity to bring that to my attention.
2       You must understand that no one can make any promise
3  to you as to the sentence I will impose. Your attorney or the
4  prosecutor may have made predictions to you and may make
5  recommendations to the Court concerning the sentence I should
6  impose, and I will listen carefully to whatever they say. You
7  must clearly understand that the final responsibility for
8  sentencing you is mine alone.
9       While I may view this case identically to the
10 attorneys, I may also view the case differently. If so, I may
11 not impose the sentence that they have predicted or
12 recommended. Even if I sentence you differently from what the
13 attorneys or anyone else has estimated or predicted, you would
14 still be bound by your guilty plea.
15      Do you understand that?
16      THE DEFENDANT: Yes, I do.
17      THE COURT: Okay. Now, in this plea agreement there
18 is a prediction by the government as to the computation of the
19 sentencing guidelines total offense level and sentencing
20 range. In paragraph two the government predicts that you will
21 be in a total offense level of 22, assuming you plead guilty
22 today, and that assuming you have no prior convictions the
23 range of imprisonment will be 41 to 51 months in the custody
24 of the Attorney General, and, in addition, the plea agreement
25 states that you are stipulating to the above guideline

1  calculation.
2          Do you understand all of that?
3          THE DEFENDANT: Yes.
4          THE COURT: Is that correct, Mr. Kaizer?
5          MR. KAIZER: That is correct.
6          THE COURT: Okay. Of course, you may stipulate to
7  it but that doesn't bind the Court.
8          Do you also understand that?
9          THE DEFENDANT: I understand, yes.
10         THE COURT: Okay. In this plea agreement letter
11 which is dated today, September 22, 2005, that you have just
12 told me that you have discussed with your attorney and that
13 you signed today, there is an agreement regarding your right
14 to appeal your sentence. The agreement letter states, and I
15 want to make sure that you understand this, that by signing
16 this agreement you agree not to appeal or otherwise challenge
17 the sentence that I impose upon you if it is 57 months or
18 less. If I were to sentence you to more than 57 months and
19 you believed there was a legal or other error in my doing
20 that, you would then have a right to appeal your sentence to
21 US Court of Appeals for the Second Circuit.
22         Do you understand that?
23         THE DEFENDANT: Yes.
24         THE COURT: Do you understand that you have the
25 right to appeal only if I sentence you to more than 57 months?

17

1    THE DEFENDANT: Yes, I do.

2    THE COURT: All right. Do you understand that even
3 if the sentence I give you is more severe than what you may be
4 thinking or hoping you will receive, you are still going to be
5 bounds by your guilty plea and not permitted to withdraw it,
6 and that you will not be able to challenge or appeal that
7 sentence as long as it is 57 months or less, as we have
8 discussed?

9    THE DEFENDANT: Yes.

10   THE COURT: Okay. Do you have any questions you
11 would like to ask me about the charge, your rights or anything
12 else related to this matter that may not be clear?

13   THE DEFENDANT: No, Your Honor.

14   THE COURT: All right. Counsel, is there anything
15 that you would like me to discuss with your client before we
16 proceed to formal allocution?

17   MR. KAIZER: Nothing, Judge.

18   THE COURT: All right. Do you know of any reason
19 why your client should not enter a plea of guilty to the
20 charge?

21   MR. KAIZER: None.

22   THE COURT: Are you aware of any viable legal
23 defense to the charge?

24   MR. KAIZER: No.

25   THE COURT: Mr. Palazzolo, are you ready to plead at

this time?

THE DEFENDANT: Yes, I am, Your Honor.

THE COURT: Okay. Mr. Palazzolo, how do you plead to the charge contained in Count One of the superseding indictment, guilty or not guilty?

THE DEFENDANT: Guilty.

THE COURT: Are you making this plea of guilty voluntarily and of your own free will?

THE DEFENDANT: Yes, I am.

THE COURT: Has anyone threatened or forced you to plead guilty?

THE DEFENDANT: No.

THE COURT: Other than the agreement with the government, has anyone made you any promise that caused you to plead guilty?

THE DEFENDANT: No.

THE COURT: Has anyone made you any promise about the sentence you will receive?

THE DEFENDANT: No.

THE COURT: All right. At this time I would like to you state, in your own words, what you did to commit the crime charged in Count One of the superseding indictment.

MR. KAIZER: Judge, Mr. Palazzolo has prepared a written statement that he would like to read into the record and adopt as his own.

THE COURT: That's very well.

Please read it slowly and carefully. All right?

Thank you.

THE DEFENDANT: During 2004, I assisted Gary Todd and others in offering for sale to the public shares of stock in Trade Wind Communications, Ltd, without disclosing to potential investors that brokers selling the securities were to receive compensation beyond that disclosed in their brokerage agreement. The brokerage that was being used to sell the shares was located in Brooklyn.

In that regard, I attended meetings in March of 2004 during which Gary Todd and others discussed the payment of excess compensation to said brokers. I continued to assist Todd and others in the offering while knowing that excess compensation was to be paid to brokers.

THE COURT: Is there anything that you would like me to ask?

MR. ASARO: Just one question, to make sure we are clear on the conspiracy charge. Whether or not Mr. Palazzolo agreed with Mr. Todd and others to do the things he just described?

THE COURT: Did you agree with Mr. Todd and others to do these acts that you have allocuted to?

THE DEFENDANT: Yes.

MR. ASARO: And then the government would just